EDWARD C. HART v. MARLAND HART and Another.[1]

April 29, 1910.

Nos. 16,417—(10).

**Accounting between Devisees — Evidence.**

    A testator bequeathed his property to his widow for life, and after her death to his three children. In an action for an accounting, brought by one of the children after the death of the widow, the absence of all evidence as to the nature and provisions of the final decree entered in probate proceedings in the estate does not, of itself, bar the right to an accounting between the heirs.

[1]Reported in 126 N. W. 133.

Action in the district court for Martin county by a son of Joshua W. Hart, deceased, against his brother and sister for an accounting and to compel defendant Marland Hart to pay the remaining heirs of their father their share of the property, money and effects received by him from the estate. Defendants answered separately. Defendant Marland denied that he had received any money from or belonging to the estate, except certain moneys which were received and used by him and plaintiff jointly, and for which they were equally and jointly liable to the estate; that the accounts in reference to money so received were kept by plaintiff, and this defendant had no account thereof except as rendered him by plaintiff, and therefore was unable to state an account thereof; he alleged that plaintiff had received from the estate large sums of money, the exact amount of which he was unable to state, but amounting in all to more than $20,000, and prayed that plaintiff account to the heirs for the moneys received by him. Defendant Senter denied that she had ever received any property from the estate. The case was tried before Quinn, J., who made findings in favor of defendants and denied a motion to amend them. From the judgment entered pursuant to the findings, plaintiff appealed. Reversed and new trial directed.

*F. A. Mathwig* and *F. G. Sasse,* for appellant.

*Knox & Faber,* for respondents.

O'BRIEN, J.

Joshua W. Hart died testate in Racine, Wisconsin, in 1865. By his will he left all of his property to his wife during her natural life, should she remain unmarried, and after her death to his three children, the parties to this action. The widow died in 1906, never having remarried. This action was brought by plaintiff against the other heirs for an accounting. The defendants answered separately, and each demanded an accounting from the plaintiff. After a trial by the court, findings were made setting forth the contentions of the respective parties, and, further, that a final decree in the estate of Joshua W. Hart was made in 1894, but that neither the final decree itself nor its provisions were shown, nor was there any evidence as to the property belonging to the estate at the time of the

making of the final decree, or at the death of the widow, and, finally, that as a matter of law the plaintiff was not entitled to an accounting. A motion for amended and additional findings was denied.

From the bill of exceptions signed by the learned trial judge it appears that the estate of Joshua W. Hart originally amounted to a substantial sum, and it further appears that each of the parties obtained some portion of the estate. We also think it fairly appears that the parties were more or less informal in their relations with each other, as so often happens between members of the same family. Respondent contends that the conclusion of the learned trial judge was based upon all the evidence, and that, inasmuch as the record does not purport to contain the evidence, the correctness of this conclusion cannot be considered upon this appeal. Upon the other hand, appellant claims that the findings, in effect, are that the plaintiff is not entitled to an accounting because of the absence of any evidence as to the contents of the final decree made by the Wisconsin court, and the further absence of evidence as to value at the time of the entry of the decree, and again at the time of the widow's death, and that in any event the findings do not conform to section 4185, R. L. 1905.

We think the appellant's claim that the final conclusion is based upon the absence of evidence as to the final decree is correct. If such conclusion was based upon any other fact, such basic fact should have been specifically stated in the findings. So construed, the conclusion that plaintiff is not entitled to an accounting is not sustained. The will bequeathing the property to the parties to this action, subject to the life interest of the widow, was established.

The court found that the final decree was entered in 1894. Presumably the decree was in accordance with the will. The death of the widow in 1906 was shown, and we can see no reason why, on such a state of facts, particularly in a case where each party to the action had in the pleadings asked for an accounting, the court should not determine what portion of the estate had been received by each, and what rights each had as against the others. We can easily understand that the parties' interests may have been materially affected by the final decree entered in Wisconsin, and it is difficult

for us to understand the absence of a showing as to it by all the parties. But we do not think that the absence of such a showing, of itself, is sufficient to justify the court in refusing to determine the merits of the controversy.

Reversed.

On May 9, 1910, the following opinion was filed:

PER CURIAM.

After the opinion in the above-entitled action was filed, the respondent called attention to the fact that the order reversing the judgment does not direct a new trial of the action, and has asked leave, if necessary, to file a petition for reargument, so that the order of this court be modified. The necessary effect of the reversal of the judgment in this case, upon the grounds stated in the opinion, would be to require a new trial of the action, and it is therefore ordered that the order reversing the judgment be modified, so as to read as follows: Judgment reversed, and a new trial directed.